FILED IN OPEN COURT
U.S.D.C. Atlanta

MAY 3 1 2011

JAMES N. HATTEN, Clerk
By: *ari*          Deputy Clerk

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION |
| v. | : | |
| | : | NO. 27|
| YVONNE C. TAYLOR | : | |

### GOVERNMENT'S MOTION FOR DETENTION

Comes now the United States of America, by and through its counsel, Sally Quillian Yates, United States Attorney, and Rodney Bullard, Assistant United States Attorney for the Northern District of Georgia, and pursuant to 18 U.S.C. §§ 3142(e) and (f) moves for detention for the above-captioned defendant.

1.  Eligibility of Case.

This case is eligible for a detention order because this case involves (check all that apply):

_____      Crime of violence (18 U.S.C. § 3156)

_____      Maximum sentence of life imprisonment or death

_____      10 + year drug offense

_____      Felony,  with two prior convictions in the above categories

  X      Serious risk the defendant will flee

_____      Serious risk of obstruction of justice

2.    Reason for Detention.

The Court should detain defendant because there are no conditions of release that will reasonably assure (check one or both):

  X        Defendant's appearance as required

_____    Safety of any other person and the community


3.   Rebuttable Presumption.

The United States (will, will not) invoke the rebuttable presumption against defendant under § 3142(e).   (If yes)   The presumption applies because (check one or more):

_____    There is probable cause to believe defendant committed
           10 + year drug offense.

_____    There is probable cause to believe defendant committed an
           offense in which a firearm was used, carried, or
           possessed under § 924(c).

_____    Defendant has been charged with a federal offense that is
           described in § 3142(f)(1), and

           (1) defendant has been convicted of a Federal offense

           that is described in § (f)(1)of this section, or of a

           State or Local offense that would been an offense

           described in § (f)(1) of this section if a circumstance

           giving rise to Federal jurisdiction had existed;

2

(2)   the offense described in paragraph (1) was committed while defendant was on release pending trial for a Federal, State or local offense; and

(3)   A period of not more than five years has elapsed since the date of conviction, or the release of the person from imprisonment, for the offense described in paragraph (1), whichever is later.

_____   [Circle one] This is an offense involving a minor under 18 U.S.C. § 1201, or an offense under 18 U.S.C. § 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2),   2252(a)(3),   2252A(a)(1),   2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423 or 2425.

4.   Time for Detention Hearing.

The United States requests the Court conduct the detention hearing:

_____   At the initial appearance.

__X__   After continuance of _3_ days (not more than 3).

The Government requests leave of Court to file a supplemental motion with additional grounds or presumption for detention should this be necessary.

Dated:  this 31st day of May, 2011.

3

Respectfully submitted,

SALLY QUILLIAN YATES
UNITED STATES ATTORNEY

RODNEY D. BULLARD
ASSISTANT U.S. ATTORNEY
600 U.S. Courthouse
75 Spring Street, SW
Atlanta, Georgia 30303
(404)581-6000
Ga. Bar No. 094355

4